UNITED STATES of America,
Appellee,

v.

Irwin Ira MESSINGER, Appellant.

No. 700, Docket 33399.

United States Court of Appeals
Second Circuit.

Argued June 25, 1969.

Decided July 23, 1969.

Elihu Inselbuch, New York City (Robert Layton, Richard E. Landau, Gilbert, Segall & Young, New York City, and Alan H. Levine, New York City, of counsel), for appellant.

Jerome C. Ditore, Asst. U. S. Atty. (Vincent T. McCarthy, U. S. Atty. for the Eastern District of New York, of counsel), for appellee.

Before HAYS and FEINBERG, Circuit Judges and JAMESON, District Judge.*

HAYS, Circuit Judge:

Irwin Ira Messinger appeals from a judgment of the United States District Court for the Eastern District of New York convicting him, after a trial without a jury, on one count of refusing to submit to induction into the armed forces, in violation of 50 U.S.C. App. § 462(a) (Supp. IV 1965–68).

We reject appellant's claim that he was improperly refused classification as a conscientious objector, and affirm the judgment.

### I.

In 1963 appellant registered with the Selective Service System and in February 1964, he completed a classification questionnaire sent to him by his local board. Series VIII of the questionnaire calls upon a registrant claiming exemption as a conscientious objector to sign his name to a printed statement of conscientious objection. Appellant did not sign the statement. On February 19, 1964, he was classified 1–A.

In January 1965, appellant was sent a current information questionnaire. It did not specifically request information relating to conscientious objection but it did state: "You may attach any additional information you believe should be brought to the attention of the local board." Appellant responded to the questionnaire, indicating that he intended to become a part-time student, but he made no statement pertaining to conscientious objection. On April 21, 1965, he was classified 2–S, the student deferment classification.

Appellant was sent another current information questionnaire in November 1965. He did not return it and, in December 1965, he was classified 1–A and ordered to report for a physical examination.

Appellant wrote to his local board appealing the classification on the ground that he had changed his status from that of full-time to part-time student in order to work to pay for his education and that he intended to become a full-time student in February 1966. The letter contained no indication that he considered himself a conscientious objector.

At the end of December 1965, appellant completed another current information questionnaire in which he made no mention of conscientious objection. At the same time, he executed a dependency questionnaire in which he stated: "I very much want to finish my schooling before going into the service." He testified at trial that he intended this sentence to be understood in its ordinary meaning of unrestricted military service and that its representation was false because, in view of his opposition to war, he did not intend to serve in the armed forces.

On January 25, 1966, the appeal board affirmed appellant's 1–A classification. On February 9, 1966, the local board re-

---

* Senior District Judge of the District of Montana, sitting by designation.

ceived a letter from appellant stating that he was a "full time matriculated night student * * * taking 13 credits." The following week appellant was mailed an order to report for induction on March 2, 1966. The local board, acting on its own motion, then rescinded this order and classified him 1–S(c), a classification which permits a registrant to finish the school term during which he was ordered for induction.

In May 1966, appellant executed another current information questionnaire in which he again failed to mention any claim to conscientious objector status. He was reclassified 1–A in June and wrote to request a "personal appeal" on the ground that he would be a full-time student in the fall. After appellant had appeared personally before the local board, it affirmed the 1–A classification. On August 16, 1966, the appeal board upheld the local board's classification. The classification was appealed to the national selective service appeal board which affirmed the local board's action on October 13, 1966.

In August 1966, after the appeal board had acted, but prior to the decision of the national selective service appeal board, appellant wrote to his local board:

"I would like to request a conscientious objector form due to the fact that I will not be getting my student deferment. I felt it would be no need to express my beliefs regarding this matter of fighting and war if I had my student deferment. That is the reason I had never requested this status before, but now it is necessary for me to do so."

An F.B.I. summary of a letter written by appellant to Adelphi College on August 25, 1966, states: "[O]nly at the time of writing of this letter did the registrant begin to realize that his life would be ruined if he had to go into the Army."[1]

The local board sent appellant its conscientious objector form which he completed and returned on August 31, 1966. In it he stated:

"I am by reason of my religious training and belief, conscientiously opposed to participation in war in any form and I am further conscientiously opposed to participation in noncombatant training and service in the Armed Forces."

He attributed these views to his Jewish background and asserted that he had acquired them "starting some ten years ago."

On November 15, 1966, the local board unanimously determined that the information submitted in appellant's conscientious objector form did not warrant a change in his classification. On November 22, 1966, the local board received a letter from appellant in which he requested a hearing and stated:

"I would like to repeat what was stated in SSS Form 150 [the conscientious objector form]; that is I was a conscientious objector to war and killing since I can remember but had not gone through the trouble of filing Form SSS 150 before because I thought I would have my student deferment.

"When I saw that I would not be granted a student deferment, I filed SSS Form 150. I am telling the truth about being a pacifist and would like to be given a chance to prove it."

After holding a hearing on January 10, 1967, at which appellant appeared, the local board affirmed his 1–A classification by a vote of 4–0. Appellant then sought review by the appeal board.

Under the procedure then in effect,[2] the appeal board would tentatively deter-

---

1. The letter was not produced at trial but the fairness of this summary of it has not been challenged.

2. Selective Service Act of 1948, ch. 625, § 6(j), 62 Stat. 604, 612–613, as amended by the 1951 Amendments to the Universal Military Training and Service Act, ch. 144, § 1(q), 65 Stat. 75, 86, codified at 50 U.S.C.App. § 456(j) (1964). The regulations relating to this procedure were codified at 32 C.F.R. §§ 1626.25–.27 (1949, 1957, 1963).

mine the validity of a claim to conscientious objector, 1–O, status. If it decided against the registrant, his file was sent to the Justice Department for its advisory recommendation. The Justice Department would make an inquiry and hold a hearing "on the character and good faith of the conscientious objections of the registrant." It would send its recommendation to the appeal board and to the registrant. The appeal board would review the file sent by the local board, the Justice Department recommendation and any reply to that recommendation made by the registrant. The appeal board would decide without hearing oral testimony or argument; it would not issue an opinion and would record its decision simply by classifying the registrant.[3]

Appellant's file reached the appeal board in January 1967. It tentatively determined that the 1–A classification was appropriate and referred the matter to the Justice Department which directed the F.B.I. to make the required inquiry. Prior to the hearing, a resume of the F.B.I. report was given to appellant and the report was given to the hearing officer. Appellant sent the hearing officer a letter to "explain and refute some of the points" in the resume. Appellant's selective service file was forwarded to the hearing officer. After holding the hearing on August 29, 1967, the hearing officer wrote a two-page report in which he found appellant to be sincere in his assertions of conscientious objection. However, in making the recommendation of the Justice Department to the appeal board, the chief of the Department's conscientious objector section refused to accept the hearing officer's conclusion as to appellant's sincerity and found him to be insincere. In reaching this conclusion, he relied on appellant's long delay in asserting his conscientious objector claim, the fact that appellant's sincerity was questioned throughout the F.B.I. resume of its inquiry, the evidence that appellant felt his life "would be ruined" if he had to go into the Army and evidence that appellant's beliefs were politically, rather than religiously, motivated.

Appellant received a copy of the Justice Department's recommendation and, in January 1968, wrote to the appeal board in support of his claim to conscientious objector status. The appeal board voted 3–0 to classify him 1–A. It did not write an opinion and, as noted above, was not required to do so.

After routine processing, defendant was ordered to report for induction. He appeared at the induction center, as ordered, on March 20, 1968, but refused to submit to induction. This refusal forms the basis for the conviction from which this appeal was taken.

## II.

Appellant's first contention is that the Justice Department had no authority to reverse the hearing officer's finding as to his sincerity. He argues that this procedure denied him a fair hearing and that the reversal of the hearing officer was capricious.

In Gonzales v. United States, 364 U.S. 59, 80 S.Ct. 1554, 4 L.Ed.2d 1569 (1960), the Supreme Court considered the status of the hearing officer's report under the procedure pursuant to which appellant's conscientious objector claim was processed. It concluded that "the hearing officer's report is but intradepartmental * * * and * * * is not the recommendation of the Department. * * * It is but part of the whole process within the Department that goes into the making of the final recommendation to the appeal board." Id. at 63, 80 S.Ct. at 996. Moreover, both the statute and the regulations speak of the recommendation of the Department of Justice, rather than of the

---

3. In 1967, the law was amended to eliminate consideration of a conscientious objector claim by the Department of Justice. Act of June 30, 1967, Pub.L.No. 90–40, § 1(7), 81 Stat. 100, 104, codified at 50 U.S.C.App. § 456(j) (Supp. IV 1965–68).

recommendation of its hearing officer. Thus, in making its recommendation, the Justice Department was not barred from reversing its hearing officer.

Appellant's contention that the review of the hearing officer's recommendation denied him a fair hearing is based on a misconception of the procedure then in effect. As noted above, the hearing was but one factor to be considered by the Justice Department in making its recommendation. Appellant does not contend that he was denied a fair hearing before the hearing officer. The requirement of a hearing was therefore met.

■ The Justice Department's reversal of its hearing officer was not capricious. There was evidence to support the Department's conclusion that appellant was not sincere, notwithstanding the conclusion reached by its hearing officer after talking with appellant.

### III.

■ The second contention made by appellant is that he was denied a fair hearing before the appeal board. He argues that the Justice Department's recommendation to the appeal board contained an, erroneous statement of law and a misleading statement of fact and that the hearing officer's report should have been included in the file presented to the appeal board.

Appellant claims that the recommendation misstated the applicable law as to qualification for conscientious objector status by describing the beliefs needed to qualify in a manner inconsistent with United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965), which affirmed United States v. Jakobson, 325 F.2d 409 (2d Cir. 1963). While this contention is correct, we find that the misstatement of law did not prejudice appellant. The recommendation was based on the Department's finding that appellant's alleged beliefs were not sincerely held. The Department did not conclude that appellant's beliefs, if sincerely held, would not qualify him for conscientious objector status. Thus we

do not have the situation arising in Jakobson and in United States v. Englander, 271 F.Supp. 182 (S.D.N.Y.1967), where the Department concluded that the registrant's beliefs were insincere but improperly concluded that, if sincerely held, they would not qualify him for classification as a conscientious objector. There the convictions were reversed because it was not known whether the appeal board had based its decision on the improper standards used by the Department in finding that the registrant's alleged beliefs were not such as to justify granting conscientious objector status. Moreover, here two of the three appeal board members testified that they found appellant to be insincere in the beliefs underlying his conscientious objector claim. Such testimony follows precisely the procedure recommended in *Jakobson* for resolving any ambiguity in the appeal board's action. 325 F.2d at 417.

The allegedly misleading statement of fact in the Justice Department's recommendation was:

"As a matter of fact, no mention of conscientious objection was made until long after the registrant had been originally classified 1–A, found acceptable for service, and ordered to report for induction."

Appellant claims that this statement conveyed to the appeal board that, "having exhausted all administrative remedy and having been ordered for induction, [he] stood at the induction station and there for the first time urged his conscientious objections."

■ The statement correctly describes appellant's selective service history but it does not indicate that the induction order referred to was rescinded so that appellant could complete a semester at school and that the assertion of his conscientious objector claim occurred after the semester had ended and he had again been classified 1–A by his local board and by the appeal board. We find that inclusion of this statement in the Justice Department's recommendation

did not prejudice appellant. The appeal board had before it appellant's selective service file which showed that he did not raise his claim while the induction order was outstanding. We have no reason to doubt that the appeal board was aware of this fact when it passed on appellant's claim and thus we have no reason to believe that it was misled. Moreover, appellant was given a copy of the recommendation and was permitted to submit to the appeal board his comments on its contents.

 The failure to include the hearing officer's report in the file sent to the appeal board did not deny appellant a fair hearing. The report was comprehensively summarized in the Department's recommendation; appellant does not contend that the report or the summary of it was inaccurate. Cf. United States v. Purvis, 403 F.2d 555 (2d Cir. 1968).

### IV.

Appellant argues that the record does not support the appeal board's refusal to grant him conscientious objector status.

A court may overturn a classification made by the selective service system only if the classification has "no basis in fact." See, e.g., Witmer v. United States, 348 U.S. 375, 380–381, 75 S. Ct. 392, 99 L.Ed. 428 (1955); Estep v. United States, 327 U.S. 114, 122–123, 66 S.Ct. 423, 90 L.Ed. 567 (1946); United States v. Gearey, 379 F.2d 915, 921 (2d Cir.), cert. denied, 389 U.S. 959, 88 S.Ct. 335, 19 L.Ed.2d 368 (1967); United States v. Corliss, 280 F.2d 808, 810–811 (2d Cir.), cert. denied, 364 U.S. 884, 81 S.Ct. 167, 5 L.Ed.2d 105 (1960).[4] Under this very limited scope of review, the appeal board's decision must stand. The evidence of insincerity—appellant's long delay in raising his claim, together with his explanation that it would have

been too much "trouble" for him to do so, his feeling that his "life would be ruined" if he had to serve in the military, and evidence that his opposition to war was based on political, rather than religious, feelings—provides a "basis in fact" for the appeal board's decision.[5]

### V.

Appellant's final contention is that he was denied a fair trial by the conduct of the judge. The active role that the judge played in developing the facts in this non-jury case did not deny appellant a fair trial.

Affirmed.

4. The "basis in fact" standard of review was made statutory by the Military Selective Service Act of 1967. See 50 U. S.C.App. § 460(b) (3) (Supp. IV 1965–68).

5. The fact that some of the evidence referred to in the recommendation did not otherwise appear in appellant's selective service file did not prevent reliance on it by the appeal board. See United States v. Purvis, *supra*, 403 F.2d at 559.