**UNITED STATES of America, Appellee,**

v.

**Felix James McGUIRE, Defendant, Appellant.**

**No. 73–1036.**

United States Court of Appeals, First Circuit.

Heard April 9, 1973.

Decided June 20, 1973.

---

Allan R. Rosenberg, Boston, Mass., with whom Putnam, Bell & Russell, Boston, Mass., on brief, for appellant.

Robert B. Collings, Asst. U. S. Atty., with whom James N. Gabriel, U. S. Atty., Boston, Mass., on brief for appellee.

Before COFFIN, Chief Judge, Mc-ENTEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

This appeal, challenging a judgment of conviction, after trial without a jury for refusal to submit to induction raises the issue we find critical—whether the district court erred in finding a basis in fact for denial of appellant's claim of conscientious objector status. The basis relied upon was lack of sincerity, which derived from two factors: a delay of one and a half months in claiming CO status after reclassification into I–A and appellant's failure to mention his interest in such a status to his local board at an interview where he inquired about other possibilities for deferment. After a close scrutiny of the established facts, the pertinent cases, and consideration of policy, we reverse.

The earliest pertinent date is September 30, 1966 when appellant, who, as a student at St. Anselm's College [1] had applied for admission to Officer Candidate School was asked during an examination a question he could not affirmatively answer: "Would you burn a Vietnamese village?" At this time appellant held a II–S classification. Although he had been scheduled to graduate in June, 1966, his graduation had been postponed to

---

1. Appellant had previously attended similar Roman Catholic institutions, St. Joseph's Grammar School and Bishop Bradley High School and worked part-time for ten years for St. Joseph's Cathedral in Manchester.

January, 1967, to allow him to finish a required paper. But his local board reclassified him I–A on November 21, 1966. He immediately visited his board, on November 30, and engaged in a discussion with the assistant clerk which later came to be so important because of certain omissions therein. He asked about deferments for VISTA or the Peace Corps, stated his hope to enter graduate school the following January, and told the clerk he would be appealing his loss of a student deferment. Shortly thereafter he wrote his board asking for a form on which he could apply for a III–A hardship deferment and also sought the advice of the government appeals agent on the loss of his II–S.

The appeals agent, on December 30, wrote appellant that an appeal would not seem to be in appellant's interest but that appellant could seek the services of a private attorney. On January 10 appellant decided to appeal and also asked for a Form 150, which he returned on January 23, noting his religious beliefs, his revulsion at recourse to violence, and his reaction to his September 30 interview. The board again classified him I–A, on February 10. A personal appearance was granted him on February 23 after which the board's minutes made reference to appellant's earlier efforts to gain admission to Officer Candidate School as indicating that appellant's conscientious objection arose subsequently—a fact which we must observe was as irrelevant for a late crystallizer as it was established. In any event, the state appeals board on appeal provisionally upheld, without giving reasons, the local board's determination. Under the then applicable law appellant's case was referred to the Justice Department for investigation and recommendations.

Appellant met with initial success. The hearing officer, having the benefit of interviews with numerous neighbors and others, none of whom questioned appellant's sincerity, and of a meeting with appellant, deemed him sincere and, on March 15, 1968, recommended a I–O classification. Appellant's gain was a short-term one, for on May 24, 1968, one T. O. Smith, then Chief of the Conscientious Objector Section of the Justice Department, relying principally on appellant's failure to mention his conscientious beliefs at his November 30, 1966 conversation with his local board clerk, his subsequent request for a hardship deferment form, and his delay in applying for I–O status until mid-January, 1967, stated that "there are substantial grounds for doubting [appellant's] sincerity." The appeals board immediately classified appellant I–A. A few months later, in August, 1968, appellant's mother by letter requested that her son, on whom she said she depended, be deferred, but the board refused to reopen. At long last, appellant, being ordered to report on October 10, 1968, appeared but refused induction. The district court, reasoning much as did T. O. Smith, found a basis in fact for a finding of insincerity and found no error in the board's failure to reopen upon receiving the request from appellant's mother. We need deal only with the former finding.

The standard of review, passing the test of time, is still whether there is any "basis in fact" for a board's finding of insincerity. Estep v. United States, 327 U.S. 114, 122, 66 S.Ct. 423, 90 L.Ed. 567 (1946). With time, however, the application of this standard to sincerity issues has become refined. Conjecture of insincerity is not enough. There must be "some affirmative evidence [or] . . . something in the record which *substantially* blurs the picture painted by the registrant and thus casts doubt on his sincerity." Kessler v. United States, 406 F.2d 151, 156 (5th Cir. 1969) (emphasis added). *See also* Batterton v. United States, 260 F.2d 233 (8th Cir. 1958); United States v. Heidt, 445 F.2d 447 (2d Cir. 1971).

While it might once have been concluded that failure to reveal a conviction of conscientious objection when other avenues of deferment were being explored, combined with a one and a half month delay after reclassification into I–A until a Form 150 was filed, provided suf-

ficient affirmative evidence to constitute a substantial blur on a registrant's professed sincerity, the accumulating case law proves a stubborn barrier.

■■ To consider first the factor of appellant's delay in declaring his conscientious objection, we eliminate immediately the period between September 30, 1966, when his beliefs began to form, and the end of November, when he found himself no longer in II–S but in I–A. The circuits now seem clear that a basis in fact cannot rest on delay during a period when a registrant was classified in a lower deferred status.[2] As for the delay in notification after reclassification, although 32 C.F.R. § 1625.1(b) requires a registrant to report a change in circumstances within ten days of that change, the failure to do so has not been deemed significant as to the issue of sincerity until the passage of a *substantial* amount of time beyond ten days. At least we so read the cases, for we find none holding a delay of a month and a half, in itself, to be a sufficient basis for a finding of insincerity.[3]

When we consider whether the failure of appellant to mention his conscientious objection in his November 30 conversation with the board's assistant clerk may add enough to make out a "basis in fact", we are first tempted to say that as a matter of law it may not be put into the scales at all. In *O'Bryan, supra*, where the registrant applied for CO status two weeks after losing his appeal

from a I–A classification, the court held that failure to apply before exhausting his administrative remedies could not evidence a basis in fact for a finding of insincerity. This case goes farther than *Bornemann, supra*, in that it defines the time at which notification of CO beliefs becomes relevant as not merely the period of holding another lower deferment classification but termination of the period of appeal from a I–A classification. Here, instead of appealing, appellant chose to seek the advice of the government appeals agent, who did not reply until December 30, a copy of the reply not being received by the board (and presumably appellant) until January 3. If, as seems in accord with policy, frivolous appeals are to be discouraged and resort to the expertise of appeals agents encouraged, the action taken by appellant falls within the concept of exhausting administrative remedies, and appellant's action in applying to his board for a Form 150 seven days after receiving word from the appeals agent brings him fairly within the rationale of *O'Bryan*.

We do not, however, rest decision on such a technical analysis. We shall assume that it is permissible to consider a registrant's silence as to his beliefs at a conversation after his reclassification but before he had had an opportunity to exhaust his appellate remedy and to consult an appeals agent. But on the particular facts of this case appellant's silence, we conclude, cannot fairly be held against

2. *See* United States v. Bornemann, 424 F. 2d 1343 (2d Cir. 1970) ; United States v. Abbott, 425 F.2d 910 (8th Cir. 1970) ; United States v. Stetter, 445 F.2d 472 (5th Cir. 1971) ; United States v. O'Bryan, 450 F.2d 365 (6th Cir. 1971) ; United States v. Anderson, 447 F.2d 1063 (9th Cir. 1971).

3. Cases finding insincerity: Salamy v. United States, 379 F.2d 838 (10th Cir. 1967) [delay of notification of 21 months after reclassification; additional evidence of insincerity] ; United States v. Messinger, 413 F.2d 927 (2d Cir. 1969 [failure to notify during 14 months of I–A, followed by 16 months of II–S, with CO request coming two months later; other

evidence pointed to insincerity]) ; United States v. Kember, 437 F.2d 534 (9th Cir. 1970) [delay of 7 months; other evidence pointed to insincerity, including statement of registrant].

Cases refusing to find insincerity: United States v. O'Bryan, 450 F.2d 365 (6th Cir. 1971) [delay of approximately three months after I–A classification] ; United States v. Heidt, 445 F.2d 447 (2d Cir. 1971) [delay of almost eight months] ; United States v. Rutherford, 437 F.2d 182 (8th Cir. 1971) [not a case where request for CO status was made "*substantially* after it had become relevant" (emphasis added)] ; United States v. Bornemann, 424 F.2d 1343 (2d Cir. 1970) [no delay of "substantial period"].

him. The government in its brief construes appellant's "failure to speak up" as an "inconsistency between [his] purported beliefs and his actions" which appellant "made no attempt to clear up". In fact, appellant testified that he asked about the Peace Corps and VISTA, with which latter organization he had filed an application—both being consistent with his religious claims; and that he looked to "other sources" for information on conscientious objection and his hardship deferment. The VISTA (and Peace Corps) queries were naturally directed to the board, since individual boards could have different policies.[4]

■ That appellant professed to have other sources for information concerning the more uniformly applicable standards governing CO and hardship claims does not seem to us to rise to a level of dissimulation which "substantially blurs" his sincerity. *Kessler, supra. Cf.* Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955). Indeed, to say that a registrant who speaks to his local board on the heels of losing a deferment must reveal all of the approaches he may be contemplating or else run the risk that his reticence may be construed as insincerity is to turn the occasion into a trap which would suggest the appropriateness of a reverse *Miranda* warning: "anything you don't say may be held against you."

■ Moreover, had appellant applied for and received various other deferments, these could not, absent other evidence, be deemed inconsistent with a claim for a I–O classification. *Stetter, supra; Abbott, supra.* Nor, *a fortiori*, would his silence as to his beliefs while holding such a classification be held against him. *Bornemann, supra.* Nor is pursuit of another deferment pending appeal from initial denial of a CO classication considered inconsistent. United States v. Owen, 415 F.2d 383 (8th Cir. 1969). Nor is the unsuccessful pursuit of other deferments. Cox v. Wedemeyer,

192 F.2d 920 (9th Cir. 1951). Here, appellant never in fact did apply for other deferments; he sought only information. If active application for other deferments cannot alone constitute a predicate for a finding of insincerity, we cannot see how mere inquiry about such, absent direct evidence of insincerity, *see, e. g., Salamy, supra; Witmer, supra,* can weigh more heavily. In this case, not only is there no such evidence; those interviewed who knew appellant and the hearing officer who met with him were unanimous in believing appellant sincere. When we add the fragile footing of a month and one half delay after reclassification in making a claim to that of failure to mention conscientious beliefs in exploring various possibilities of deferment with the assistant clerk, we conclude that both together are too flimsy a foundation to constitute a basis in fact.

Judgment vacated; case remanded to the district court for proceedings consistent with this opinion.

---

4. For example, in *Bornemann, supra,* the registrant's local board granted a VISTA deferment in July 1966, 4 months before

McGuire inquired of his board about VISTA.